IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GIORGI GLOBAL HOLDINGS, INC., *et al*,

          Plaintiffs,

    v.

WIESLAW SMULSKI, *et al*,

          Defendants.

CIVIL ACTION
NO. 17-4416

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**　　　　　　　　　　　　　　　　　　**May 21, 2020**

## I.　　BACKGROUND

      Plaintiffs filed the instant suit against Defendants alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act, breach of contract, violations of the Computer Fraud & Abuse Act and unjust enrichment. Plaintiffs requested via letter that Defendant Wieslaw Smulski be ordered to produce documents in compliance with the Federal Rules of Civil Procedure without regard to Polish law and/or the EU General Data Protection Regulation. For the reasons that follow, I find that the GDPR and/or Polish privacy law does not bar Smulski's production of relevant documents in this matter.

## II.　　DISCUSSION

      Although Defendant Wieslaw Smulski resides in Poland, he is a US citizen and subject to the jurisdiction of this Court, having been sued by several American companies here in the Eastern District of Pennsylvania. This opinion addresses Mr. Smulski's claim that he cannot produce otherwise discoverable documents in this litigation because the European General Data Protection Regulation ("GDPR") and/or Polish privacy law prohibit him from doing so. Both parties have produced expert reports that address their

respective positions as to whether the GDPR applies to forbid Smulski's production of documents. A review of the law on this issue clearly shows that Smulski cannot rely on the GDPR and/or any other Polish privacy law to avoid production of relevant documents in this matter.

Generally, a foreign country's statute precluding disclosure of evidence "do[es] not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n. 29 (1987).  In determining whether the foreign statute excuses noncompliance with discovery, courts consider a multi-factor balancing test set forth in the Restatement (Third) of Foreign Relations Law § 442(1)(c) to balance "the interests of the United States and the party seeking discovery against the foreign state's interest in secrecy." *AstraZeneca LP v. Breath Ltd.*, 2011 WL 1421800, at * 11 (D.N.J. Mar. 31, 2011). The factors to be considered include:  1) the importance of the documents or other information requested to the litigation; 2) the degree of specificity of the request; 3) whether the information originated in the United States; 4) the availability of alternative means of securing the information; and 5) the extent to which noncompliance would undermine important interests of the United States. Restatement (Third) of Foreign Relations Law § 422(1)(c); see also *In re Air Crash at Taipei, Taiwan on Oct. 31, 2000*, 211 F.R.D. 374, 377 (C.D. Cal. 2002). Further, "[t]he party relying on foreign law has the burden of showing such law bars production." *In re Air Crash at Taipei*, 211 F.R.D. at 377.

In analyzing these factors, the importance of the documents to the litigation weighs in favor of disclosure when "there is a substantial likelihood that the documents will prove to be important to the prosecution of plaintiffs' claims." *Laydon v. Mizuho Bank, Ltd.*, 183 F.Supp.3d 409, 420 (S.D.N.Y. 2016). In this action, Plaintiffs seek documents regarding Mr. Smulski's alleged asset-stripping/money laundering scheme and Can-Pack's outsourcing and have received no such documents from Smulski to date. I find that there is a substantial likelihood that the documents Plaintiffs seek from Smulski will be important to Plaintiffs' case; accordingly, this factor weighs in favor of production.

The second factor examines the degree of specificity of the request. A thorough reading of Plaintiffs' requests for production of documents shows that they are sufficiently specific. Further, Mr. Smulski agreed to produce relevant documents in response to this discovery before he claimed the GDPR prevented him from doing so. Therefore, this factor also weighs in favor of production.

The third factor is whether the information originated in the United States. Although Mr. Smulski is a U.S. citizen, it appears most of the documents Plaintiffs are seeking originated in Poland or elsewhere outside of the United States. Therefore, this factor weighs against Smulski's production of documents.

The fourth factor is the availability of alternate means of securing the information. In this matter, Plaintiffs have produced an expert report that opines that Mr. Smulski deleted information from his Can-Pack computer in 2013 and 2014 and directed other Can-Pack employees to do the same. Accordingly, it is apparent that Smulski has, at a minimum, emails and other documents that are no longer in the possession of Can-Pack.

As such, there is no alternative means for Plaintiffs to obtain this information, and this factor weighs in favor of production.

Lastly, the fifth factor is the extent to which noncompliance would undermine important interests of the United States. This has been described as "the most important factor." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1476 (9th Cir. 1992). The United States "has a substantial interest in fully and fairly adjudicating matters before its courts – an interest only realized if parties have access to relevant discovery – and in vindicating the rights of American plaintiffs." *Fenerjian v. Nong Shim Co., Ltd*., 2016 WL 245263, at * 5 (N.D. Cal. Jan. 21, 2016). The interest of the United States in adjudicating this matter is substantial and requires production of relevant discovery. It is true that Poland has an interest in protecting the personal data of its citizens, but the parties in this matter entered into a Protective Order and ESI Protocol that will protect the personal data of any Polish third parties. *See Finjan, Inc. v. Zscaler*, 2019 WL 618554, at *3 (N.D. Cal. Feb. 14, 2019) (foreign country's interest is diminished "where the court has entered a protective order preventing the disclosure of the secret information.") Therefore, this factor also weighs in favor of production.

As stated above, Defendant Smulski, an American citizen sued in the United States, bears the burden of showing that the GDPR and/or Polish privacy law bar production of these relevant documents.[1] This he cannot do. Consideration of the Restatement factors

---

[1] I note that in his response to Plaintiffs' letter brief on this issue, Defendant Smulski does not analyze the Restatement factors discussed above. Rather, Smulski argues that these factors should only be examined when a party has failed to comply with a prior discovery order based on GDPR, and since no order has yet been entered as to the GDPR in this matter, entry of an order in unwarranted. However, Mr. Smulski cites to no case holding that a court must order production before using the Restatement factors that are meant to assist a court in deciding whether to order production. *Cf Finjan*, 2019 WL 618554 at * 3 (no order had been entered prior to the Court examining the Restatement factors and ordering Defendant to produce documents that he claimed could not be produced under GDPR).

above leads to the conclusion that production of relevant discoverable documents is warranted in this case.

**III.   CONCLUSION**

For all the reasons set forth above, Defendant Smulski may not rely upon the GDPR and/or Polish privacy law to avoid production of relevant, discoverable documents in this matter.