IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GIORGI GLOBAL HOLDINGS, INC., *et al*,

    Plaintiffs,

v.

WIESLAW SMULSKI, *et al*,

    Defendants.

CIVIL ACTION
NO. 17-4416

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                                                                     June  8, 2020

### I.  BACKGROUND

Plaintiffs filed the instant suit against Defendants alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act, breach of contract, violations of the Computer Fraud & Abuse Act and unjust enrichment. Defendant, Wieslaw Smulski, filed a motion for a protective order seeking to avoid being deposed unless Plaintiffs use procedures prescribed by the Hague Convention to take his testimony. For the reasons that follow, Defendant Smulski's motion is denied, and he shall submit to a Rule 30 deposition no later than August 31, 2020.

### II.  DISCUSSION

Although Defendant Wieslaw Smulski resides in Poland, he is a US citizen and subject to the jurisdiction of this Court, having been sued by several American companies here in the Eastern District of Pennsylvania. This opinion addresses Mr. Smulski's claim that he cannot be deposed because American lawyers may not provide legal services in Poland without a civil proceeding before a Polish court. Both parties have produced expert reports that address their respective positions as to whether Mr. Smulski can be

deposed pursuant to Fed. R. Civ. Pro. 30. A review of the law on this issue clearly shows that good cause does not exist to prevent Mr. Smulski's discovery deposition in this matter and therefore, his motion for a protective order must be denied.

A party seeking a protective order under Rule 26(c) of the Federal Rules of Civil Procedure bears the burden to show that sufficient good cause exists to overcome the presumption in favor of discovery. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). As such, Mr. Smulski bears the burden of showing good cause to prevent his discovery deposition. A review of all the pleadings and expert reports in this matter shows that Smulski cannot meet this burden.

In arguing that his U.S. lawyers cannot attend a Rule 30 discovery deposition in Poland, Smulski relies on Article 42 of the Act of 5 July 2002 on Provision of Legal Assistance in the Republic of Poland by Foreign Lawyers ("Foreign Lawyers Act"). Smulski argues that "[i]n the absence of a civil proceeding before a Polish court, American lawyers may not provide cross-border legal services, including depositions, in Poland." ECF No. 73, p. 1. Article 42 of the Foreign Lawyers Act states:

> By way of reciprocity, unless international agreements ratified by the Republic of Poland or provisions of international organizations in which the Republic of Poland is a member provide otherwise, as part of providing cross-border services, a lawyer from outside the European Union shall be authorized to represent parties solely in civil proceedings where the parties are nationals of or belong to the state in which the lawyer is authorized to practice the profession.

ECF No. 74, Exh. A, ¶ 3.21. From this language, Smulski argues that a non-EU lawyer can perform "cross-border services" in Poland only if "1) the parties are citizens of the country in which the foreign lawyer is authorized to practice law; and 2) the proceeding is a 'civil proceeding.'" ECF No. 73, p. 3, *citing* Foreign Lawyers Act, Art. 42. Although

the Foreign Lawyers Act defines "cross-border services" and "legal assistance," it fails to define "civil proceeding." Smulski argues that a "civil proceeding" under Polish law means only one before a Polish court. In support of this argument, he cites to an article entitled Provision of Legal Assistance by Foreign Lawyers in Poland Art. 42.  The article in question states:

> [T]he content of the commented art. 42 of the Act was taken over from repealed Art. 1118 of the Code of Civil Procedure, pursuant to which a foreign lawyer could "be admitted before a Polish court as a legal representative of a party" if he practiced the profession "in the country of which the party is a citizen or to which this party belongs."

Katarzyna Klaczynska & Michal Klaczynski, *Provision of Legal Assistance by Foreign Lawyers in Poland Art. 42* § 2 (2004).

However, this argument requires a somewhat tortured interpretation of Article 42. Article 42 clearly does not define civil proceedings and Smulski has not and cannot produce any legal authority that supports his interpretation of Article 42. Even the article he cited does little to help his position, as it does not state that foreign lawyers may **only** participate in matters in Polish courts. Defendant has failed to cite to, and this Court has failed to locate, any caselaw that says a U.S. lawyer cannot take a discovery deposition in Poland of a U.S. citizen involved in U.S. litigation without the existence of a civil proceeding before a Polish court. Similarly, no case exists that found that a U.S. lawyer who took depositions in Poland of a U.S. citizen involved in U.S. litigation should be subject to "criminal penalties and civil liability in Poland," as argued by Smulski. To the contrary, Plaintiffs have located numerous cases that discuss the taking of U.S. discovery depositions in Poland. Upon review of these cases, the Court notes that not only did no Court find this conduct to be improper, no party even **argued** that it was improper for

3

U.S. lawyers to take discovery depositions in Poland. *See Domanus v. Lewicki*, 742 F.3d 290 (7th Cir. 2014)*; Myrda v. Swift Transp. Co*., 2008 WL 938230, at *3 (N.D. Ind. Apr. 7, 2008); *In re Mangiapanella*, 2008 WL 4107182, at *3 (Bankr. E.D. N.Y. Aug. 28, 2008); *Growchowski v. Ajet Construction Corp.*, 2002 WL 465272, at *3 (S.D. N.Y. Mar. 27, 2002). These cases make it abundantly clear that U.S. litigants routinely take Rule 30 depositions in Poland, especially in light of the fact that the Defendant in this case is a U.S. citizen. Accordingly, Mr. Smulski cannot show that good cause exists for the entry of a protective order and his motion is denied.

### III.    CONCLUSION

For all of the foregoing reasons, Smulski has clearly failed to meet his burden to show that good cause exists for the entry of a protective order in this matter. Accordingly, Defendant Smulski shall submit to a discovery deposition on or before August 31, 2020.