IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GIORGI GLOBAL HOLDINGS, INC., *et al*,

Plaintiffs,

v.

WIESLAW SMULSKI, *et al*,

Defendants.

CIVIL ACTION
NO. 17-4416

**MEMORANDUM OPINION**

Schmehl, J. /s/ JLS                                                     **March  22, 2023**

I.      **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BASED
        UPON RES JUDICATA**

     **A.  History of Polish Litigation**

     The parties in this matter have been involved in litigation amongst themselves

since Can-Pack terminated Wieslaw Smulski in 2013. Smulski's case against Can-Pack

was initiated in Poland in January of 2014 (Case No. 356/14) and Can-Pack's first Polish

case against Smulski was initiated in March of 2015 (Case No. 727/15). Smulski brought

case No. 356/14 against Can-Pack to recover allegedly unpaid compensation for the part

of November 2013 that he worked before his termination, for his unused holiday leave

during 2013, and for compensation allegedly due him under a non-compete clause in the

parties' agreement. Defendants claim that "Can-Pack made allegations and raised

questions identical to those raised in the present case" in response to Smulski's filing of

case no. 356/14. (Docket No. 145, p. 3.)

     Can-Pack brought Case No. 727/15 against Smulski to recover monies it had

previously paid to him pursuant to a "Phantom Shares" agreement. In that case, Can-Pack

alleged that Smulski was "not entitled to receive any [payment] (being, in fact, a bonus paid in this particular form) under the Agreement to issue shares/stocks, because . . . the Defendant undertook actions aimed at transferring the profitable business out of the Company in order to take it over; by doing so he abused the trust of other governing bodies and grossly breached his duty of loyalty towards the Company." (Docket No. 145, p. 11).

According to Defendants, Plaintiffs' RICO claims, breach of contract claim, and unjust enrichment claim are predicated on the same events underlying Can-Pack's claims in the Polish cases, i.e., outsourcing, and because Polish courts have entered judgment in favor of Smulski in those cases, Defendants are entitled to judgment on those counts in the instant matter based upon the doctrine of res judicata. Accordingly, Defendants filed a Motion for Judgment on the Pleadings seeking to dismiss Counts 1 through 5 and 7 from Plaintiffs' Complaint.[1]

### B.  Legal Standard

A motion for judgment on the pleadings may be made after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). Res judicata is an affirmative defense, and therefore is properly the subject of a motion for judgment on the pleadings. See, e.g., *Sheridan v. NGK Metals Corp*., 2008 WL 2156718, at *8 (E.D. Pa. May 22, 2008) (granting motion for judgment on the pleadings under Rule 12(c) on grounds of res judicata), *aff'd*, 609 F.3d 239 (3d Cir. 2010).

Res judicata is appropriate "when three circumstances are present: (1) a final

---

[1] On September 23, 2022, the Court denied Defendants' Motion for Judgment on the Pleadings (Docket No. 145) without prejudice so it could be decided in conjunction with Defendants' Motion for a Stay due to the overlapping nature of the issues.

judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman v. Nordic Naturals*, 837 F.3d 272, 279 (3d Cir. 2016) (*quoting In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). If res judicata applies, whether to recognize it as to a foreign judgment is a matter of international comity. *See, e.g., Derr v. Swarek*, 766 F.3d 430, 437 (5th Cir. 2014) (recognition of foreign judgments is a matter of comity).

Comity is a "nation's expression of understanding that demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws." *Somportex Ltd. v. Phila. Chewing Gum Corp*., 453 F.2d 435, 440 (3d Cir. 1971). "United States courts are not **obliged** to recognize judgments rendered by a foreign state but may **choose** to give res judicata effect to foreign judgments on the basis of comity." *Diorinou v. Mezitis*, 237 F.3d 133, 139 (2d Cir. 2001) (internal quotation omitted) (emphasis in original).

### C.  Discussion

First, it is important to note that the instant analysis does not begin and end with res judicata. If I should find that the two Polish judgments in question have res judicata effect on the instant matter, I would next need to determine whether to recognize the effect of those judgments based upon international comity. Assuming, *arguendo*, that the Polish judgments do have res judicata effect, I find that they cannot be recognized in this Court due to the application of international comity.

Putting aside the somewhat suspicious timing of Defendants' motion for judgment on the pleadings (almost four years after the Polish judgments in question were entered, and a few days before oral argument on Plaintiffs' motion for default due to Defendants'

discovery misconduct), I note that as the parties asking for me to recognize the Polish judgments, Defendants bear the burden of establishing the appropriateness of said recognition. *See Maersk, Inc. v. Neewra, Inc.*, 2010 WL 2836134, at *10 (S.D.N.Y. July 9, 2010).

It has been held that "certain criteria" must "be satisfied before a court of the United States recognizes a foreign nation's judgment." *U.S. ex rel. Saroop v. Garcia*, 109 F.3d 165, 169-70 (3d Cir. 1997). These requirements include: (1) the "opportunity for a full and fair trial abroad"; (2) the absence of "fraud in procuring the judgment"; and (3) no "other special reason why the comity of the United States should not allow [the judgment] full effect[.]" *Id.* In the instant matter, I find that Plaintiffs did not have a "full and fair" opportunity to litigate this matter in Poland.

Courts have considered the adequacy of a foreign forum as a litigation location when deciding whether to apply international comity. *See In re Apple Inc. Device Performance Litig.*, 347 F.Supp.3d 434, 450-451 (N.D. Cal. 2018). In deciding Defendants' motion to dismiss in 2019, I found that based upon Plaintiffs' position that critical evidence supporting Plaintiffs' allegations could only be produced in the United States, Poland would not be an adequate forum in which to litigate Plaintiffs' claims. At Plaintiffs' request, this Court preserved certain email evidence when the instant matter was filed. It is undisputed that Plaintiffs would be unable to access this evidence if they were forced to proceed with all their claims in Poland. At this point in the instant proceedings, the Court is uncertain as to whether any such preserved evidence has been produced to Plaintiffs. However, as discovery in this matter is still ongoing, it is possible that such evidence exists and may be produced for Plaintiffs' use. Therefore, I cannot

find that Plaintiffs would have a "full and fair" opportunity to litigate this matter in Poland without this evidence. Accordingly, Defendants cannot meet their burden of proving that international comity is appropriate in this matter and their motion is denied.

Further, if I were to address Defendants' res judicata argument, I would find that res judicata does not apply, as Defendants cannot prove that the instant matter is "a subsequent suit based on the same cause of action." [2] *Hoffman*, 837 F.3d at 279.

To determine whether the same claim was asserted in a prior action, courts consider: "(1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same." *Hopkins v. GNC Franch., Inc.*, 288 F. App'x 871, 873 (3d Cir. 2008). Defendants fail to establish any of these conditions. In 2019, the Court found that the claims, parties, evidence, and damages in this U.S. case are not the same as in the Polish cases. The demand for relief is not the same, as Plaintiffs seek damages for RICO violations that cannot be addressed in Poland. I find now, as I did in 2019 when presented with this same argument, that Plaintiffs' U.S. claims allege domestic injuries based on defendants' U.S. conduct, which are not the same injuries alleged in the Polish litigation. Accordingly, the claims asserted here are not the same as the claims asserted in Poland and the Polish matters do not have res judicata effect. The Polish decisions did not give Plaintiffs the opportunity for a full and fair trial on the merits of its claims under RICO.

---

[2] Plaintiffs in the instant matter devote numerous pages in their brief to the argument that Polish res judicata law should apply and this matter would not meet the Polish requirements for the application of res judicata because it requires strict identity of parties, which is lacking here. However, I do not need to address the choice of law argument because both laws require that the cases involve the same cause of action, which is not present in the instant matter.

II.   **DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS ON GROUNDS OF INTERNATIONAL COMITY**

### A.  Background

In the alternative to their Motion for Judgment on the Pleadings, Defendants filed a motion for a stay based upon two other Polish cases between the parties that are still pending. Specifically, Case No 327/14 was filed by Smulski against Can-Pack for wrongful termination of his management contract in 2013 and Case No. 1266/19 was filed by Can-Pack against Smulski and involves outsourcing of Can-Pack's spare parts operation. Both cases are still pending in Poland, although Defendants argue that Case No. 327/14 has been "nearly fully litigated." (Docket No. 159, p. 5.)

### B.  Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although "[f]ederal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them, . . . in some private international disputes the prudent and just action for a federal court is to abstain from the exercise of jurisdiction." *Turner Ent. Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1521 (11th Cir. 1994) (*quoting Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

### C.  Discussion

Federal district courts may abstain from hearing cases and controversies only under "exceptional circumstances." *See IFC Interconsult, AG v. Safeguard Intern. Partners, LLC*, 438 F.3d 298, 305 (3d Cir. 2006). "The exceptional circumstances that would support such a surrender [of jurisdiction] must, of course, raise considerations which are

not generally present as a result of parallel litigation, otherwise the routine would be considered exceptional, and a district court's unflagging obligation to exercise its jurisdiction would become merely a polite request." *Royal and Sun Alliance Ins. Co. of Canada v. Century International Arms, Inc.*, 466 F.3d 88, 93 (2d Cir. 2006). For purposes of international comity, an action is considered parallel to another when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Paraschos,* 2000 WL 325945, at *5. There must be a "substantial likelihood that the [foreign] litigation will dispose of all claims presented in the federal case." *Id.* The decision to stay a proceeding based upon the existence of parallel litigation in a foreign forum is not based "on a mechanical checklist, but on a careful balancing of the important factors...as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Christ v. Cormick*, 2007 WL 2022053, at *8 (D.Del. July 10, 2007).

As previously determined when addressing Defendants' motion to dismiss, the instant case and the Polish cases in question are not parallel cases as the same parties, claims, issues and damages are not present in each case. That analysis has not changed since 2019. Plaintiffs here bring RICO and other claims that allege domestic conduct and domestic injury, distinct from the Polish cases, which concern violations of Polish law and a Polish contract. As this case is not parallel to the Polish cases, a stay is not appropriate, and Defendants' motion is denied.

### III. <u>CONCLUSION</u>

For all the reasons set forth above, Defendants' Motion for Judgment on the Pleadings and Defendants' Motion to Stay are denied. An appropriate order follows.